In the United States District Court
For the District of Puerto Rico

RECEIVED AND FILED

CLERK'S OFFICE USDC PR

2025 MAR 4 AM 9:07

United States of America,
    Plaintiff / Respondent,

v.

Leury Mendez-Matos,
    Defendant / Petitioner.

Case No. 3:13-CR-00859-001

## Motion for §3582(c) Reduction in Sentence

COMES NOW, Petitioner Leury Mendez-Matos, in pro-se capacity, with the instant Motion for § 3582(c) Reduction in Sentence..

Petitioner understands that his pro-se motion is to be construed "liberally" and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 US 89 (2007); Haines v. Kerner, 404 US 519 (1972).

On 05/06/2014, the Petitioner was sentenced for Conspiracy to Possess with the Intent to Distribute 317kg of Cocaine in violation of 21 USC §§ 846, 841. The District Court -- after finding that the Petitioner had one prior serious drug conviction -- imposed the 20 year mandatory minimum sentence that was applicable at that time.

Over the last twelve years, the legal landscape has changed significantly. Numerous amendments have been made to the United States Sentencing Guidelines by the United States Sentencing Commission and the United States Congress. Some examples (non-exhaustive) are Amendment 748, Amendment 750, Amendment 759, Amendment 782, and Amendment 794. The Fair Chance Act and the First Step Act have also played a role in making these amendments retroactive; or providing other avenues to allow compassionate release reductions in sentence in extraordinary and compelling situations even when there is no specified retroactivity.

The effect has lowered both the guidelines range and the mandatory minimum that the Petitioner would have faced if sentenced today. There is an unjust disparity that needs to be corrected to avoid tarnishing the public image of fairness in relation to our judicial machinery.

Petitioner asserts that a retroactive USSG amendment should result in a reduced sentence in his case; or in the alternative, that he should be granted a sentence reduction for extraordinary and compelling circumstances.

EXHAUSTION OF ADMINISTRATIVE REMEDIES:

It should be noted that a prisoner may proceed with filing after "he has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 USC § 3582(c)(1)(A).

The exhaustion of administrative remedies is a claims processing rule and is not a jurisdictional requirement. United States v. Texeira-Nieves, 23 F.4th 48, 53 (1st Cir. 2022).

UNUSUALLY LONG SENTENCE / GROSS DISPARITY:

Petitioner is facing an unusually long sentence, or a gross disparity, among similarly situated defendants who are sentenced today. Under the current legal landscape, a similarly situated defendant with one prior conviction would face a mandatory minimum of 15 years, not the 20 year mandatory minimum that was imposed in 2014. This is an extraordinary and compelling circumstance. See United States v. Kissi, 469 F. Supp. 3d 21, 39-40 (E.D.N.Y. 2020); United States v. Winchester, 2023 US DIST LEXIS 26311 (D. Haw. 2023); United States v. Bremer, 2022 US DIST LEXIS 75454 (D. Haw. 2022).

The USSG § 1B1.13(b)(6) is paritally satisfied by the instant matter, and when these factors are combined with the remainder of the cumulative extraordinary and compelling facts, Petitioner satisfies the USSG § 1B1.13(b)(5) "other" reason justifying relief.

CONSIDER RETROACTIVE & NON-RETROACTIVE CHANGES:

Courts are instructed to consider both retroactive and non-retroactive

3

changes in law and changes to the United States Sentencing Guidelines. See United States v. Ruvalcaba, 26 F.4th 14 (1st Cir. 2022).

FIRST STEP ACT:

The First Step Act of 2018, helps the Petitioner in three ways. First, it specifically makes some USSG amendments and the Fair Sentencing Act of 2010, Pub. L. 111-220, retroactive. United States v. Smith, 954 F.3d 446 (1st Cir. 2020); United States v. Trenkler, 47 F.4th 42, 57-58 (1st Cir. 2022). 18 USC §3582(c)(2)

Second, it provides a way to challenge unusually long sentences, or sentences exhibiting a gross disparity, such as a sentence like the instant sentence which subsequently had a lowering of the mandatory minimum.

Third, it provides the procedural vehicle to allow Courts to reduce sentences whenever extraordinary and compelling circumstances are present. See 18 USC § 3582(c)(1). (Compassionate Release Reduction in Sentence)

GENERAL CONSIDERATIONS:

The Court is empowered to consider retroactive and non-retroactive changes to law, changes to the sentencing guidelines, §3553(a) factors, and the behavior of the defendant when deciding whether a sentence reduction is warranted. Concepcion v. United States, 142 S. Ct. 2389, 2396 (2022).

It should also be noted that the fact finding in regard to Petitioner's prior conviction was not left to a jury as would be required by the precedents set in Apprendi v. New Jersey, 530 US 466 (2000); and Alleyne v. United States, 570 US 99 (2013). See also United States v. Munyenyezi, 781 F.3d 532, 544 (1st Cir. 2015).

Similar issues can be found in United States v. Riley, 2022 US DIST LEXIS 145296 (4th Cir. 2022); and United States v. Abrey, 812 F.3d 1079 (DC Cir. 2016).

In addition to the change in law, and the change to the United States Sentencing Guidelines, which affected the mandatory minimum causing the Petitioner to spend a greater time lingering in prison than the law now requires, he is at the ripe advanced age of 61 years old and has been successfully rehabilitated.

§3553(a) Factors:

In order to grant Petitioner a compassionate release or reduction in sentence, the Court must be satisfied that such an action is consistent with and supported by the factors listed in § 3553(a). Furthermore, the decision must be consistent with applicable policy statements, and must not put the community nor any person at risk of harm. The factors to be considered are -

1. Nature and Circumstances of the Offense
2. Defendant's History and Characteristics
3. Sentencing Goals that -
    a) Reflect the seriousness of the offense;
    b) Promote respect for the law;
    c) Provide just punishment;
    d) Afford adequate deterrence to criminal conduct (general & specific);
    e) Protect the public from further crimes of the Defendant.
4. Assurance that the sentence is sufficient but not greater than necessary.

Here, the requested relief is not inconsistent with any applicable policy statements, or no such statements exist. Further, it has been demonstrated that the current sentence is in fact greater than necessary to serve the goals of sentencing. We will review each factor in turn -

1) Nature and Circumstances of the Offense

    Petitioner committed a serious drug offense involving 317kg of cocaine. It is well understood that drugs are a scourage to communities and cause widespread harm. Petitioner seriously regrets his actions and feels true remorse for the damage caused by his drug trafficking activities. Through his educational programming he has learned about the damage caused to the users and victims, he has learned new positive skills for constructive employment, he has strengthened his moral compass through religious programming, and cognitive behavioral therapy has altered his behavior away from criminal thinking. Over 12 years in prison has provided the time for him to rehabilitate, become more mature, and truly have respect and understanding of the harms of his crime. He will never again engage in criminal activity and desires only to return to his family and community to show that he is a better man. He wishes only to be a positive and law abiding member of his family and community.

2) Defendant's History & Characteristics

    Petitioner has one prior conviction. At the time of the prior conviction, he did not truly understand the harms of his crime, nor did he put in a serious effort at rehabilitation. However, documentary evidence in the way of his exemplary FBOP inmate record shows his true effort over the past 12 years to ensure that he is no longer the same person who got involved in drug trafficking so many years ago. He is ready to show his family, his community, and this Court that he is a changed man and can offer good to the world to make up for his failings in the past.

3) Sentencing Goals

Over a decade in prison is a serious sentence that reflects a serious crime. It is a significant amount of time that has promoted Petitioner's respect for the law. He has become more mature and wiser, and wishes to put his criminal past behind him. His respect for the law has been instilled over the past 12 years of incarceration.

A review of other drug cases, as well as a review of various jury polls regarding drug trafficking sentence lengths that reasonable jurors feel would be sufficient, shows that the 12 years already served is a fair and just punishment for the offense. A mandatory minimum sentence of 15 years has been established as a reasonable and just number by congress, and the Petitioner asks for a 5 year sentence reduction to account for the guideline changes, the sentence disparity, and for his outstanding efforts at rehabilitation.

The sentence already served shows the Petitioner and the public that these crimes are taken seriously, and provides both specific and general deterrence. And Petitioner can assure this Court that he will never again engage in criminal activity, so there is no further risk to the public posed by the Petitioner. Although supervised release or monitoring is available; his deportation to Puerto Rico assures that he is no danger to any United States citizens or communities in any event.

4) Sufficient but not Greater than Necessary

Congress has shown that a 20 year mandatory minimum might be greater than

8

necessary when they made changes to the applicable Guidelines. In addition, the outstanding and exemplary rehabilitation demonstrates that the originally imposed sentence may now be greater than necessary. At the time of sentencing a repeat offender, the Court had no idea that the Petitioner would finally learn his lesson and be rehabilitated. The Court had no idea that Congress would lower the Guidelines range and mandatory minimum in these cases. But thankfully the First Step Act has provided a way for the Court to account for these things now, and Petitioner respectfully asks it to do so by reducing his sentence to 15 years of incarceration.

REHABILITATION:

Evidence of post-sentencing rehabilitation may not be, when considered alone, to be the sole reason for a reduction in sentence. However, such evidence is "highly relevant" to several of the §3553(a) factors and is "plainly [ ] relevant to 'the history and characteristics of the defendant'" and provides the "most up-to-date picture" of those characteristics. Pepper v. United States, 562 US 476, 491-92 (2011).

Petitioner's exemplary efforts at rehabilitation are note worthy. Not only has he taken classes and programs to correct his criminal thinking, and better educate himself to reduce his recidivism risk, but he has also assisted other inmates in doing the samee making the post-release communitites better places by encouraging others to be law abiding and positive members of their families and communitites, just as he intends to do.

The Petitioner has increased his knowledge, cognitive and behavioral skills, work skills, and even strengthened his moral compass with religious programming. While this cannot be the sole reason for a sentence reduction, it can certainly be considered cumulatively along with the other extraordinary and compelling circumstances demonstrated herein.

WHEREFORE, Petitioner respectfully prays that this Honorable Court will GRANT his Motion for §3582(c) Sentence Reduction; or provide any other relief deemed appropriate and necessary.

DATE 2/7/2025

Respectfully,

*Leury mendez matos*
Leury Mendez-Matos
Reg. No. 23504-069
FCI Fort Dix
PO Box 2000
Joint Base MDL, NJ  08640

CERTIFICATE OF MAILING / SERVICE:

I, the undersigned, hereby certify that a true and correct copy of the foregoing documents has been served upon each party on this date. This mailing is being tendered to the FCI Fort Dix institutional Mail System with USPS First Class postage prepaid for delivery through and by the United States Postal Service. Pursuant to the prison mailbox rule, this filing is deemed filed when delivered to prison staff or deposited in the prison outgoing mailbox to be forwarded to the Court and parties. Houston v. Lack, 487 US 266 (1988).

DATE 2/7/2025                               SENDER'S SIGNATURE